**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| LAWRENCE MATHIES | : | |
| | : | Civil Action No. 12-6838(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| FEDERAL BUREAU OF PRISONS, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

This matter is before the Court upon Petitioner's submission of a statement of facts in support of his petition under 28 U.S.C. § 2241 (Petition, ECF No. 1), in response to this Court's Opinion and Order of December 11, 2014, dismissing the petition. (ECF Nos. 6, 7.) The Court retained jurisdiction over this matter to allow Petitioner to submit a written statement detailing facts[1] which led him to believe the federal sentencing court amended his judgment of conviction by directing retroactive concurrence in accordance with § 5G1.3(b) rather than directing prospective concurrence in accordance with §

---

[1] The Court explained that only oral or written statements by the federal sentencing court constituted relevant facts. See Order (ECF No. 6 at 13, n. 4.)

5G1.3(c), as it appeared from the incomplete record that was before the Court.

Petitioner submitted his sentencing transcript from the U.S. District Court, Southern District of New York, dated July 22, 1998. ("Sentencing Transcript", ECF No. 9 at 3-16.) At sentencing, Petitioner's counsel, Ms. London, raised the issue of a letter she wrote to the Court on May 18, 1998. (Id. at 6, lines 17-25; and at 7, lines 1-5.) Ms. London's May 18, 1998 letter is not in the record presently before this Court.

At the sentencing hearing, the prosecutor, Mr. Broderick, admitted that the government did not respond to Ms. London's letter, but he stated that with regard to the factual statements in the letter, "we have no reason to dispute that Mr. Mathies received the drugs that were sold and which ended up resulting in his state conviction, that he received them from Mr. Beniquez's organization." (Id. at 7, lines 9-18.) These facts could be construed to suggest that Ms. London requested a retroactive concurrent sentence under § 5G1.3(b), by arguing that Petitioner's state and federal crimes were related because the activities that led to his convictions were related to his association with the Beniquez Narcotics Organization, selling drugs and committing a murder for hire of a rival drug dealer.

The sentencing court asked Ms. London, "So what you are asking is that I make the serving of time on count 1 concurrent

2

with his state court sentence?" (Id. at 9, lines 16-18.) Then, the following colloquy occurred.

> MS. LONDON:  Yes, your Honor. Mr. Mathies started his state sentence in, on April 18 of 1995. He came into federal custody on November the third of 1995. If the federal sentence is not made concurrent with the state sentence, all of this time that he's actually been in federal custody will not be counted towards his federal sentence.
>
> THE COURT:  No, but what I'm asking is:  If I make his sentence on count 1, which I'm distinguishing because count 2 is a consecutive sentence, but if I make his sentence on count 1 where he has a 36-month term of imprisonment concurrent with his state court sentence, will that satisfy what you're asking for?
>
> MS. LONDON:  It will go a long way, your Honor. Yes, it will.
>
> THE COURT:  What else do you want?
>
> MS. LONDON:  I would also - - in that as I see it his state court sentence will run for approximately four and a half years, if the Court makes the count 1 sentence concurrent, then he will not have to do the - - three of the years that he's actually spent in custody now will count federally. He may still have an extra one year to do on the state sentence whereby he doesn't get federal credit.
>
> THE COURT:  Well, you see, it's a little difficult because he's got 20 years on count 2.
>
> MS. LONDON:  Yes, your Honor.
>
> THE COURT: But they're consecutive. Logistically, Ms. London, I'm not sure. If I

3

> made part of count 2 run as well, would that solve the problem?
>
> MS. LONDON: Yes, your Honor.
>
> THE COURT: I'm not exactly sure how one does that. I can make the sentences consecutive to each other but concurrent with his state court sentence.
>
> MS. LONDON: Yes, your Honor. That's what I am asking the Court to do.
>
> THE COURT: Mr. Broderick, are you taking a position?
>
> MR. BRODERICK: That's correct, your Honor. Based upon at least the policy sentence, it appears you can make, in other words the 20-year sentence partially concurrent to his state sentence, but the government takes no position.

(<u>Id.</u> at 9, lines 19-25, at 10, lines 1-25, and at 11, lines 1-9.)

When sentencing Petitioner, the sentencing court stated:

> The defendant is before this Court for sentencing in his role as a hired gun for the Beniquez narcotics enterprise in the Bronx in October of 1994. He agreed to kill and in fact killed a rival drug dealer for the Beniquez organization and was paid for this murder. His sentence is mandated by the dictates of the Sentencing Guidelines as constrained by the statutory maximum sentences for the crimes to which he has pled, and is appropriate for his crimes against society.
>
> It is the judgment and sentence of this Court that the defendant, Lawrence Mathies, be and hereby is sentenced on count 1 to imprisonment for a term of 36 months and, on count 2, to a consecutive term of

4

> imprisonment of 240 months, for a total of 276 months' imprisonment. This federal sentence is to run concurrent to the state sentence he is now serving. . . .
>
> I am making sentence concurrent to the state court sentence pursuant to 5G1.3.
> . . .

(Id. at 12, lines 11-2; at 13, line 1 and lines 6-7.)

Based on the totality of the sentencing transcript, Petitioner has set forth sufficient factual allegations to proceed past screening on his 2241 petition.

IT IS, THEREFORE, on this **12th** day of **June 2015**

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and Petitioner's supplemental written statement (ECF No. 9); and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the Petition (ECF No. 1) and this Memorandum and Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition, along with this Memorandum and Order, to Chief, Civil Division, United States Attorney's Office, at the following email address:  USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within 30 days after the date of entry of this Order, Respondent shall electronically file an answer to said Petition, addressing each and every claim for relief, and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 15 days after the answer is filed; and it is further

**ORDERED** that the Clerk of the Court shall serve this Memorandum and Order on Petitioner by regular U.S. mail to: Lawrence Mathies 38062-054, Federal Correctional Institution, 33 ½ Pembroke Road, Danbury, CT 06811-3099.

s/Renee Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
